# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

EASTON HARVEY,

    Plaintiff,

v.

CALIFORNIA RECONVEYANCE COMPANY, et al.,

    Defendants.

Case No. 2:09-CV-02025-KJD-RJJ

**ORDER**

    Currently before the Court is Defendants California Reconveyance Company ("CRC") and JP Morgan Chase Bank, N.A.'s ("Chase") Motion for Summary Judgment (#17), filed June 10, 2010. On June 11, 2010, the Court issued a *Klingele* Order that notified the Plaintiff of the necessity of responding to Defendants' dispositive Motion, and identified what Plaintiff must do to adequately oppose Defendants' Motion. Despite the Court's warning, to date, Plaintiff has failed to file points and authorities in opposition to Defendants' Motion as provided in Local Rule 7-2. Local Rule 7-2(d) allows the Court to consider failure to file points and authorities in opposition as consent to the granting of the motion.

    Additionally, the Court has reviewed Defendants' Motion, and finds it to have merit. Defendants seek summary judgment on each of Plaintiff's claims pursuant to Fed. R. Civ. P. 56(b).

Specifically, Defendants aver that any claim alleging wrongful foreclosure must fail because Plaintiff breached his payment obligations under the Note and related loan documents at issue and that the foreclosure process on the subject property was properly and validly executed.  Additionally, Defendants assert that Plaintiff's claim for quiet title fails because "there is no dispute that Plaintiff encumbered the property with the Deed of Trust," and because Plaintiff does not dispute that he has failed to make his loan/mortgage payments. (#17 at 11.)  Defendants also aver that Plaintiff's Truth in Lending Act claim is time barred under the applicable statute of limitations, that recision is not an available remedy for residential mortgage transactions, and that Plaintiff's Fair Debt Collection Practices Act claim fails as a matter of law.

Additionally, on April 14, 2010, a Certified Letter sent by the Federal Clerk's office to Plaintiff was returned, (see #16), indicating that Plaintiff no longer resides at the address he provided to the Court.  Local Special Rule 2-2 requires that a Plaintiff immediately file with the Court a notification of any change of address, noting that failure to do so may result in dismissal of the action.

Accordingly, **IT IS HEREBY ORDERED** that Defendants' Motion for Summary Judgment (#17) is **GRANTED**.

DATED this 9th day of July 2010.

_____
Kent J. Dawson
United States District Judge